AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

LABARON SCHARD WARDLAW
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 06-30173-01

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☑ a preponderance of the evidence that

Defendant Wardlaw, a felon, was convicted of 2 counts of felony armed robbery on 3/5/90 and was sentenced to 18 months - 10 years imprisonment. He was discharged on 5/30/95. On 6/5/01 defendant was convicted of felony weapons/firearms and was sentenced to two years of confinement. He was at the same time found guilty of felony assault with a dangerous weapon and was sentenced to three years probation. His discharge date was 3/8/03. On 4/3/06 he was charged with violations of 18 U.S.C. 922(g)(1), 18 U.S.C. 924© and 21 U.S.C. 841 (a)(1), [Knowingly Distributing and Possessing with Intent to Distribute Cocaine Base, Knowingly Possessing Heroin with Intent to Distribute, (Continue on page 2)

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 12, 2006 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

06-30173-01 USA v LABARON SCHARD WARDLAW          PAGE 2

Possessing Firearms after being Convicted of a Felony Offense, Possessing Firearms during the Commission of the aforementioned Drug Trafficking Offenses].

Defendant was surveilled for a six month period during which time he allegedly participated in several drug sales to a CI (10.4 grams of cocaine on 10/25/05; 1 oz of crack cocaine in early March, 2006; and a third sale of crack cocaine on March 16, 2006).

A search warrant for 618 Center Street (defendant's alleged residence) was executed on 3/24/06 and Wardlaw present agents recovered 7 ½ oz of crack cocaine, 45 thimbles of heroin, quantities of ammo, and Intertec 9 mm handgun, a Saiga 410 shotgun, a Rossi .38 caliber handgun with an obliterated serial number, an electronic scale covered with (field tested) cocaine base, a telephone bill addressed to this defendant at the 618 Center Street, plastic baggies, and documents bearing defendant Wardlaw's name, among other things.  Defendant admitted that he was a renting resident of the house.

The illegal drugs were found secreted away in the drop ceiling of the house and in the garage.  Guns were also found and hidden in the drop ceiling.

Defendant is marginally employed, (he takes care of his mother and brother).  His probation was discontinued on 10/14/05 and the controlled buys alleged in this case began one week later on 10/21/05.  Defendant has a long history of violence and now faces serious charges again (potentially a 15 year mandatory minimum). He poses a risk of flight and is a danger to the community.  Nothing short of detention will protect society or assure his appearance at trial.